UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 22-cr-138-pp

v.

JEROME HODGES JR.,

Defendant.

---

**ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2) (GUIDELINE AMENDMENT NO. 821) (DKT. NO. 53)**

---

On June 28, 2022, the grand jury returned a four-count indictment against the defendant, charging him with one count of possessing with intent to distribute fentanyl and cocaine (Count One); one count of using and carrying a firearm during and in relation to a drug trafficking offense (Count Two); and two counts of being a prohibited person in possession of a firearm (Counts Three and Four). Dkt. No. 1. About a year later, on June 8, 2023, the parties filed a plea agreement which called for the defendant to plead guilty to Counts One and Two. Dkt. No. 30. At a hearing on June 30, 2023, the court accepted the defendant's guilty plea as to Counts One and Two. Dkt. No. 32.

On October 5, 2023, the court held a joint sentencing hearing for the defendant's pending criminal case (Case No. 22-cr-138) and a revocation case (Case No. 20-cr-177) which sought revocation on the conduct underlying the 2022 case. Dkt. No. 43 (sentencing minutes). The court sentenced the

defendant to twenty-four (24) months on Count One—to run concurrently with the 24-month revocation sentence—and sixty (60) months on Count Two, to run consecutively to both the 24-month terms imposed on Count One and on the revocation. Id.; Dkt. No. 44 (judgment). The result was a combined sentence of eighty-four (84) months. Id.; see also Dkt. No. 51 at 3 (January 2024 order clarifying sentence).

Approximately one year after his sentencing hearing, the defendant filed this "Motion for Modification or Reduction of Sentence Pursuant To 18 U.S.C. §3582(c)(2) (Guideline Amendment No. 821)." Dkt. No. 53. The two-page motion reminds the court that Amendment 821 made a change to the Sentencing Guideline pertaining to "status points" (U.S.S.G. §4A1.1(d))—it decreased status points by one point for defendants with seven or more criminal history points and eliminated status points for defendants with six or fewer criminal history points. The motion also recounts that Amendment 821 created a two-level decrease for "Zero-Point Offenders." The defendant emphasizes that these changes were made retroactive. Id.

As for his own case, the defendant placed a checkmark next to the list item reading that his presentence report "included 'Status Points' in the calculation of my criminal history score under then – U.S.S.G. §4A1.1(d)." He states that he was sentenced to a term of sixty months' imprisonment and that his projected release date is January of 2028. He additionally requests a court-appointed attorney. Dkt. No. 53 at 1-2.

The court asked for input from the U.S. Probation Office and for a response from the government. Dkt. No. 55. The probation office filed a memo stating that neither the defendant's criminal history points nor his criminal history category had changed as a result of Amendment 821. Dkt. No. 56. The government agreed and argued that for that reason, the defendant was ineligible for a sentence reduction under U.S.S.G. §1B1.10(b)(2)(A). Dkt. No. 57.

Under the United States Sentencing Guidelines in effect when the court sentenced the defendant (the 2021 edition of the Guidelines Manual), a defendant would receive two (2) additional criminal history points if he committed the offenses of conviction while "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(d) (2021 edition of the Guidelines Manual). In other words, if the defendant was on some kind of supervision at the time he committed his federal crimes, he would receive two (2) "status points" on top of any other criminal history points he'd accrued.

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. Parts of that amendment were retroactive. Part A addressed "status points"—those extra criminal history points assessed against someone who committed the instant offense while under a criminal justice sentence (probation, parole, supervised release, imprisonment, work release or escape status). United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, at 240 (2023). The new guideline—which is retroactive—stated (and continues to state) that a defendant who has less than

seven (7) criminal history points receives no "status" points. U.S.S.G. §4A1.1(e) (2026 edition of the Guidelines Manual). A defendant who has more than seven (7) criminal history points now receives only one "status" point. Id.

The defendant was on supervision in a federal case (E.D. Wis. Case No. 20-CR-177) on February 15, 2022—the date DEA task force officers arrested the defendant from his vehicle and executed a search warrant of his house. Dkt. No. 38 at ¶¶11-15. But despite the 2021 guidelines being in effect at the defendant's October 2023 sentencing, both the PSR and the court specifically observed that the Sentencing Commission was considering an amendment to U.S.S.G. §4A1.1. Dkt. No. 38 at ¶55 (PSR); Dkt. No. 43 at 2 (sentencing minutes). Although the PSR recommended adding two status points under §4A1.1 (taking the defendant's criminal history points from ten (10) to twelve (12)), the court declined that recommendation, concluding:

> **I am going to impose the guideline as amended**. I'm going to impose only one status point, and that puts [the defendant] at 11 total criminal history points and a criminal history category of Roman numeral V, which again it would have been anyway.

Dkt. No. 52 at 9-10 (sentencing transcript) (emphasis added). This meant that for the drug count, at sentencing, the defendant had an adjusted offense level of 15 and 11 criminal history points (based on his having 10 criminal history points and 1 status point), putting him in criminal history category V. Dkt. No. 43 at 2. The advisory guideline range for the drug count (an adjusted offense

level of 15 in criminal history category V) was 37 to 46 months, or between just over three years and just under four years. Id.[1]

If the defendant were to be sentenced today under the amended guideline, his guideline calculations would be the same. Because the court used the amended version of the guideline when it sentenced the defendant in October 2023, if the court were to sentence the defendant today the defendant still would have 11 criminal history points (10 criminal history points and 1 status point). Eleven (11) points still leaves the defendant in criminal history category V; with an adjusted offense level of 15, the defendant's advisory guideline range on the robbery counts would remain 37 to 46 months. In other words, the defendant already has received the benefit of Amendment 821's reduction at his original sentencing.

More important, because the defendant's guideline range has not changed as a result of Amendment 821, the court cannot reduce the defendant's sentence. 18 U.S.C. §3582(c)(2) allows a court to reduce a defendant's sentence only if the defendant has been sentenced to "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" The relevant policy statement, U.S.S.G. §1B1.10(a)(2)(B), explicitly excludes a sentence reduction in the defendant's case: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18

[1] The gun count, Count Two, carried a guideline range of the sixty (60) month statutory mandatory minimum, consecutive sentence for that count. See Dkt. No. 43.

U.S.C. §3582(c)(2) if -- . . . (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." So the defendant is not eligible for a sentence reduction under Amendment 821. See United States v. Benson, Case No. 2:19-CR-14 JD, 2024 WL 4002915, at *1 (N.D. Ind. Aug. 30, 2024); United States v. Jamerson, Case No. 2:24CR00003-001, 2026 WL 1073847, at *2 (S.D. Ind. Apr. 20, 2026).

The defendant asked the court to appoint counsel to assist him with his motion for a sentence reduction. The court need not rule on that request because the court has reviewed the defendant's case and determined that the defendant is not eligible for a sentence reduction under 18 U.S.C. §3582(c)(2).[2] There is no assistance an appointed attorney could provide.

The court encourages the defendant to participate in the programming offered by the Bureau of Prisons and to speak to his counselor about any sentence credits he may be able to receive to reduce his overall time in federal custody.

The court **DENIES** the defendant's *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Guideline

[2] In considering this request, the court considered the fact that the Seventh Circuit has not decided whether the Criminal Justice Act, 18 U.S.C. §3006A, "permits a court to appoint counsel at public expense . . . for defendants . . . who are seeking a reduction of their sentences under 18 U.S.C. §3582." United States v. Bonds, 121 F.4th 1129, 1131 (7th Cir. 2024) (citing United States v. Foster, 706 F.3d 887, 888 (7th Cir. 2013)); see also United States v. Newman, No. 21-CR-51-1-JPS, 2026 WL 1008747, at *2 (E.D. Wis. Apr. 14, 2026).

Amendment No. 821). Dkt. No. 53.

Dated in Milwaukee, Wisconsin this 25th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**